IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur Singleton, #300109, ) | |
| ) | CIVIL ACTION NO. 9:07-4055-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Dr. Patel, Nurse Floyd and ) | |
| Warden Eagleton, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on August 18, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 22, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.     After receiving an extension of time, the Plaintiff filed a memorandum in opposition, with one hundred and fifteen (115) pages of attached exhibits, on October 14, 2008. The Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that he signed up for sick call [date not given] to be seen by medical and was told by the Defendant Patel that his affliction was "mediocre just a rash". Plaintiff alleges that he "grieved" this matter, but that his grievance was denied. Plaintiff alleges that he then signed up for "medical service" again and was told that he had a sexually transmitted disease (STD).

Plaintiff alleges that he has experienced pain and "blood clotted urine, outbreaks in the groin area, etc. etc." Plaintiff alleges that he has been informed that he has syphilis, for which he had tested positive in 2004 but was never informed or treated, and that the medical staff "knew of this for a long period of time." Plaintiff alleges that this has caused his health to deteriorate, and that he has experienced "sharp weight loss as well a yellowness around the eyeball." Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs, and seeks monetary damages. See generally, Verified Complaint.

As an attachment to their motion for summary judgment, the Defendants have submitted an affidavit from the Defendant Pravin Patel, who attests that he is a licensed medical doctor employed as a treating physician with the South Carolina Department of Corrections. Patel attests that he has treated the Plaintiff, and that on March 7, 2007, Plaintiff presented himself reciting a history of having a sexually transmitted disease, syphilis. Patel attests that he ordered lab tests to determine if Plaintiff had an active syphilis infection, and that the test had an indication of 1:1,

---

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



indicating an inactive infestation. Patel attests that anytime an individual has had syphilis they test 1:1, and that the results of the tests performed on the Plaintiff reveal that no treatment was indicated.

Patel further attests that a "T-Palladum" test was performed on the Plaintiff, that this test reveals the existence of any syphilis antibodies, and that none were found as a result of this test. Patel attests that the test was repeated several times after March 7, 2007, with the most recent test being performed on June 5, 2008, and that lab results were normal with no treatment indicated. Patel attests that Plaintiff also reported that he had blood in his urine, that he was tested for this complaint on September 12, 2007, with all lab tests being returned as normal. Patel also attests that, to his knowledge, Plaintiff has had no abnormal weight loss, and that blood work was run on the Plaintiff as recently as June 2008 and that his lab tests were normal. In sum, Patel attests that Plaintiff has received proper and thorough treatment based on his needs and the protocols available to SCDC medical staff. See generally, Patel Affidavit.

As attachments to his memorandum opposing summary judgment, Plaintiff has submitted copies of numerous inmate grievances he has filed concerning various issues, including complaints about his medical care, many of which have nothing to do with the issues presented in the allegations of Plaintiff's complaint. With respect to Plaintiff's allegation concerning a rash, however, Plaintiff's grievance forms indicate that he was seen by Dr. Patel on April 21, 2006, at which time he informed Dr. Patel that he had a rash on his thigh but that it had cleared up. His grievance forms further reflect that "Dr. Patel stated you [Plaintiff] did not want him to examine your rash." Plaintiff has also attached copies of what appear to be medical records from as far back as 1998, which seem to indicate (although it is not clear) that he has had an STD for many years.

Finally, Plaintiff appears to have attached a copy of his prison medical records, which he



obtained from Health Information Resources with the Department of Corrections. These medical records indicate that Plaintiff has been seen on numerous occasions by Health Services for Complaints ranging from itching and scaling feet, to a rash on his face, to a stomach ache or pain, as well as for complaints relating to an STD. These records show that the rash in Plaintiff's groin area was diagnosed as "fungal jock itch" rash, for which he was prescribed Lotrimin cream. These records also reflect that Plaintiff reported to medical on April 13, 2007, to advise that he had previously tested positive for syphilis but was not being treated. The encounter notes for this visit reflect that Plaintiff's medical records revealed that Plaintiff had had a positive RPR 1:1 (apparently for syphilis) back in 2004 when he had first entered the Department of Corrections, but that there was no record of any treatment. There is also no indication in Plaintiff's subsequent medical records of the need for any treatment, with Plaintiff's rashes in the groin area generally being found to be "jock itch", for which he received Lotrimin cream, and with lab results being shown as "normal". These encounter notes also reflect that Plaintiff had made previous complaints about having "outbreaks" of sores on his penis, but that upon examination Plaintiff was found to have "no open sores at this time" with "no atypical symptoms noted". See Encounter Notes for February 26, 2007. Copies of a laboratory report from August 15, 2007, reflects that the report was "non-reactive".[3]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[3] Some of the laboratory results contained in Plaintiff's medical file may be referring to TB tests, as Plaintiff's medical records indicate that he is positive for tuberculosis.

4



law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

In order to establish a claim under § 1983 for denial of medical care sufficient to survive summary judgment, Plaintiff must present evidence to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).[4] Plaintiff has failed to present any such evidence. In fact, and to the contrary, Plaintiff has himself provided evidence to the Court in the form of his prison medical summary which shows that he has received continuous and ongoing treatment for his various medical complaints and conditions. Specifically with respect to Plaintiff's complaints of having a "rash" and that he suffers from an STD, these records show that

---

[4] In Defendants' motion, they discuss numerous grounds for why they are entitled to summary judgment in this case, including lack of respondeat superior liability, qualified immunity, and failure to state a claim. However, as it is readily apparent that Plaintiff has failed to provide evidence sufficient to present a genuine issue of fact with regard to liability on his underlying §1983 medical claim, the undersigned has not addressed these other grounds asserted for dismissal of this action.



when Plaintiff complained of these conditions he was seen, evaluated and provided treatment where necessary.  Further, the Defendant Dr. Patel, a licensed physician who has provided direct care to the Plaintiff, attests that Plaintiff has been tested and found to have only an inactive infestation at this time with no treatment being indicated, and with respect to Plaintiff's complaints of blood in his urine, Patel further attests that all of Plaintiff's lab tests have been "returned and normal".

The undersigned can discern no evidence of a constitutional violation in this evidence. Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim]).  While Plaintiff may not agree with the extent and nature of the medical care he has received, he cannot simply allege in a conclusory fashion that he has received inadequate medical care or attention, provide no supporting evidence, and expect to survive summary judgment. Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations];  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].  Plaintiff has provided no evidence to demonstrate deliberate indifference, while Defendants have provided a sworn statement from a licensed physician that Plaintiff's medical care has been appropriate. See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No.

6



96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer, 511 U.S. at 837.

Plaintiff may, of course, pursue a claim in state court if he believes the medical care he has received has been inadequate. However, the evidence before the Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs, and therefore the federal § 1983 medical claim presented in this case is subject to dismissal. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina
October 27, 2008

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

